### JACKLIN v. NATIONAL LIFE ASS'N OF HARTFORD.

(Supreme Court, Special Term, Orange County. February 15, 1893.)

1. LIFE INSURANCE—FORFEITURE OF POLICY—NOTICE.

Laws 1876, c. 341, § 1, as amended by Laws 1877, c. 321, provides that "no life insurance company" shall have power to declare a policy forfeited or lapsed for "nonpayment of any annual premium or interest," unless notice to pay within a certain time has been given. Laws 1885, c. 328, § 1, provides that Laws 1876, c. 341, shall not apply to policies issued on monthly or weekly installments of premiums, if the applications there-

for waive the notices.  *Held*, that the act of 1877 applies to policies payable out of a fund created by assessments.

2. SAME—HEALTH OF INSURED—INSANITY.

In an action on a life insurance policy, it will not be held as a matter of law that the insanity of the insured when the application for insurance was made was an unsound condition of health.

Action by William Jacklin against the National Life Association of Hartford, Conn., to recover the amount of an insurance policy issued by defendant upon the life of Venie Jacklin, daughter of plaintiff, payable to plaintiff.  Judgment for plaintiff.

F. V. Sanford, for plaintiff.
John M. Gardner, for defendant.

BROWN, J.  The policy provides for the payment of $100, "solely from the funds accumulated from payments of its insured;" also that, if such accumulation on hand shall be insufficient to pay accrued claims for an assessment on contracts in force of 5 per cent. on single premium, and if the whole fund from assessments and accumulations is insufficient to pay all claims, it shall be distributed pro rata, etc.  It has been stipulated that "the sum to be recovered on this policy, if anything, is $73.97."  In view of this stipulation, the point made of a lack of proof of amount due under the contract is without force.  Proof of accumulation by the company and the amount that should be realized by an assessment could go no further than the stipulation, and was unnecessary. I think chapter 321, Laws 1877, is applicable to this policy.  Such is the clear implication from chapter 328, Laws 1885, and, while it might be a debatable question if the act of 1885 had not been passed, the question does not now admit of serious dispute.[1]  The point was not presented in Ronald's Case, 132 N. Y. 378, 30 N. E. Rep. 739; neither was the act of 1885 called to the attention of the court.

I am also of the opinion that the question of the breach of warranty must be decided in the plaintiff's favor.  The question in substance was, "What is the condition of the health of your mother?" and the answer was, "Sound."  The mother was then in the Binghampton Lunatic Asylum, afflicted with "chronic mania," a serious form of insanity, and at times violent, profane, and obscene.  The physician testifies that, at the time of her admission, she was in fair physical condition, and that in 1891 (the time of the

---

[1] The statutes referred to are as follows:

Laws 1876, c. 341, § 1, as amended by Laws 1877, c. 321: "No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of nonpayment of any annual premium or interest, or any portion thereof," unless notice to pay the same within a certain time is given.

Laws 1885, c. 328, § 1: "Chapter 341 of the Laws of 1876, entitled 'An act regulating the forfeiture of life insurance policies,' shall not apply to policies issued upon monthly or weekly installments of premiums: provided, the notices therein mentioned shall be waived in the application for such policies, or in the additions to such applications."

application for insurance) she was eating and sleeping well, except when she had periods of mental disturbance. Both parties have, by withdrawing the case from the jury, treated this question as one of law, and the proposition therefore is, can the court determine, as a question of law, that an insane person is necessarily in unsound physical condition? No evidence has been given to show whether an insane person is considered among medical men as in an unsound condition of health, and the court possesses no expert knowledge which enables him to solve that question as one of fact. But obviously mere mental aberration will not necessarily constitute ill health. To what extent mental disturbance will destroy or interfere with the functions of the body must depend upon circumstances of each case. It is a question of fact, in each instance, to be solved by the evidence. There is nothing before me that compels me to say that the mother was in unsound health, and, as the burden of so proving rests upon the defendant, the decision, in the absence of proof, must be against it. Judgment for plaintiff for $73.97.